UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHLEY STEWART,

     Plaintiff,                                    Case No.

v.                                                          Hon.

TAJINDER SINGH DESI and
VFS CANADA INC.,

     Defendants.

_____/

**COMPLAINT AND JURY DEMAND**

Plaintiff ASHLEY STEWART, by and through her attorneys, GIROUX PAPPAS TRIAL ATTORNEYS, P.C., for her Complaint against the above named Defendants states as follows:

**BACKGROUND AND JURISDICTIONAL AVERMENTS**

1.    At all times relevant hereto, Plaintiff ASHLEY STEWART resided in the City of Southfield, County of Oakland, State of Michigan.

2.    Upon information and belief and at all times relevant hereto, Defendant TAJINDER SINGH DESI is a resident of Ontario, Canada.

3.    Upon information and belief and at all times relevant hereton, Defendant VFS CANADA INC., is a Canadian company and was at all times the

1

owner of the vehicle involved in the collision being driven by TAJINDER SINGH

DESI.

4.     The acts, transactions and/or occurrences giving rise to the injuries

complained of herein arose within the confines of the City of Taylor, County of

Wayne, State of Michigan.

5.     The amount in controversy greatly exceeds Seventy Five Thousand

Dollars ($75,000.00), exclusive of costs, interest and attorney fees.

6.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

7.     Venue lies in the Eastern District of Michigan pursuant to 28 U.S.C.

§1391(b), because the subject events took place in the City of Taylor in Wayne

County which is located within the Northern Division of the Eastern District of

Michigan.

8.     Venue and jurisdiction are vested in this court pursuant to MCL

600.1629(1).

## FACTUAL ALLEGATIONS

9.     On September 8, 2022, Plaintiff ASHLEY STEWART was traveling

southbound on I75 in Taylor, Michigan.

10.    At the same time, Defendant, TAJINDER SINGH DESI was also

traveling southbound on I75 a 2012 Freightliner Semi-Truck, bearing vehicle

registration #BC89674.

2

11.     While Plaintiff ASHLEY STEWART was lawfully traveling straight ahead, Defendant TAJINDER SINGH DESI was not paying attention, failed to yield to Plaintiff's right of way and negligently merged into Plaintiff's lane causing a violent rollover collision.

12.     At all times relevant hereto, Defendant, TAJINDER SINGH DESI, failed to pay attention to the roadway and failed to yield to Plaintiff's right of way causing a serious crash.

13.     Defendant, TAJINDER SINGH DESI's, failure to operate the above described Semi-Truck in a lawful manner or otherwise non-negligent manner caused Plaintiff, ASHLEY STEWART, to be severely injured by Defendant.

14.     At all times relevant hereto, Defendant, TAJINDER SINGH DESI, neglected to and/or failed to observe traffic conditions and yield to Plaintiff's vehicle.

15.     As a result of the collision, Plaintiff ASHLEY STEWART suffered serious and permanent injuries all amounting to serious impairment of a body function as contemplated under MCL §500.3135.

## COUNT I
## NEGLIGENCE OF DEFENDANT TAJINDER SINGH DESI

16.     Plaintiff hereby restates and alleges each and every allegation contained in Paragraphs 1 through 15 as if fully set forth herein.

17.     At all times relevant hereto, and pursuant to Michigan Law, Defendant, TAJINDER SINGH DESI, owed a duty to act with ordinary care for the safety of the public and specifically to Plaintiff, ASHLEY STEWART, which duty includes but is not limited to, obeying all laws, statutes and city ordinances while driving subject vehicle on public roads.

18.     At all times relevant hereto, Defendant TAJINDER SINGH DESI had a duty to act as a reasonably careful person would act under the same or similar circumstances as existed at the time of the subject collision.

19.     At all times relevant hereto, Defendant, TAJINDER SINGH DESI, breached the duty he owed to Plaintiff, ASHLEY STEWART, in the following ways:

(a)     Failing to operate the motor vehicle with due care and caution in violation of MCL 257.627;

(b)     Driving the vehicle carelessly and heedlessly with willful and wanton disregard for the safety and rights of others, MCL 257.626;

(c)     Failing to keep the motor vehicle constantly under control;

(d)     Failing to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626(b);

(e)     Failing to attempt to stop the vehicle when Defendant knew or should have known that failure to do so would naturally and probably result in injury to Plaintiff;

4

(f)     Failing to observe the roadway in front of Defendant's vehicle when Defendant knew, or should have known, that failure to observe Plaintiff's vehicle would endanger the life or property of other persons using the roadway, including but not limited to Plaintiff;

(g)     Failing to yield to all approaching vehicles, MCL 257.649;

(h)     Failing to exercise reasonable and ordinary care to keep sharp lookout so as to avoid striking Plaintiff's vehicle;

(i)     Failing to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within an assured, safe distance in violation of MCL 257.627(1);

(j)     Failing to make timely use of the braking system with which said vehicle is equipped;

(k)     Failing to give audible warning of said motor vehicle when reasonably necessary to ensure its safe operation in violation of MCL 257.706;

(l)     Operating said motor vehicle in excess of the posted limit in violation of MCL 257.628;

(m)     Failure to obey a traffic control device;

(p)     Any other violations that may become known through discovery.

20.     As a direct and proximate result of the negligence and/or gross negligence and/or willful and wanton misconduct of Defendant, TAJINDER SINGH DESI,  Plaintiff ASHLEY STEWART, has suffered serious and permanent injuries and damages in the following manners, including but not limited to:

a.  Neck injury with radicular symptoms;
b.  Back injury with radicular symptoms;
c.  Bilateral shoulder injuries;
d.  Closed head injury/traumatic brain injury;
e.  Neurological injuries including radiating pain;
f.  Bilateral arm/wrist injuries;
g.  Bilateral leg/ankle injuries;
g.  Post traumatic stress;
h.  Future medical treatment;
i.  Mental anguish;
j.  Emotional distress;
k.  Fright and shock;
l.  Denial of social pleasures and enjoyment;
m.  Humiliation and mortification;
n.  Excess economic losses;
o.  Any and all other damages allowed under Michigan Law.

WHEREFORE, Plaintiff respectfully requests judgment in her favor against

Defendant, TAJINDER SINGH DESI, in excess of Seventy-Five Thousand Dollars

($75,000.00), exclusive of costs, interest and attorney fees.

## COUNT II
## VICARIOUS LIABILITY FOR THE NEGLIGENCE OF EMPLOYEE

21.  Plaintiff repeats each of the preceding Paragraphs' allegations as if

they were fully set forth herein.

22.  At the date and time of the collision at issue, the driver of the VFS

CANADA INC.-owned tractor trailer, TAJINDER SINGH DESI, owed a duty to

Plaintiff to operate the motor vehicle with reasonable care and caution and in a

manner so not to inflict injury on others, and, in particular, the Plaintiff.

23.    TAJINDER SINGH DESI, as the driver of the truck at issue, breached

his duties owed to the public and to Plaintiff. Such breaches of duty include, but

are not limited to:

(a)    Failing to operate the motor vehicle with due care and caution in violation of MCL 257.627;

(b)    Driving the vehicle carelessly and heedlessly with willful and wanton disregard for the safety and rights of others, MCL 257.626;

(c)    Failing to keep the motor vehicle constantly under control;

(d)    Failing to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626(b);

(e)    Failing to attempt to stop the vehicle when Defendant knew or should have known that failure to do so would naturally and probably result in injury to Plaintiff;

(f)    Failing to observe the roadway in front of Defendant's vehicle when Defendant knew, or should have known, that failure to observe Plaintiff's vehicle would endanger the life or property of other persons using the roadway, including but not limited to Plaintiff;

(g)    Failing to yield to all approaching vehicles, MCL 257.649;

(h)    Failing to exercise reasonable and ordinary care to keep sharp lookout so as to avoid striking Plaintiff's vehicle;

(i)    Failing to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within an assured, safe distance in violation of

7

MCL 257.627(1);

(j)     Failing to make timely use of the braking system with which said vehicle is equipped;

(k)     Failing to give audible warning of said motor vehicle when reasonably necessary to ensure its safe operation in violation of MCL 257.706;

(l)     Operating said motor vehicle in excess of the posted limit in violation of MCL 257.628;

(m)     Failure to obey a traffic control device;

(p)     Any other violations that may become known through discovery.

24.     As a direct and proximate result of the negligence of TAJINDER SINGH DESI, the Plaintiffs suffered serious and permanent injuries and damages as non-exhaustively described, *supra*.

25.     Defendant VFS CANADA INC. is vicariously liable for the injuries and damages directly and proximately resulting from the negligent operation of the truck by their employee, TAJINDER SINGH DESI, who was at that time acting in the course and scope of his employment with VFS CANADA INC..

WHEREFORE, Plaintiffs respectfully request that this honorable court enter a judgment in favor of Plaintiff against Defendant, in an amount in excess of $75,000.00 exclusive of costs, fees and interest.

## COUNT III—OWNER'S LIABILITY

26.     Plaintiff repeats each of the preceding Paragraphs' allegations as if

they were fully set forth herein.

27.     Upon information and belief, VFS CANADA INC. is the owner of the tractor trailer that was being driven by TAJINDER SINGH DESI who negligently operated the vehicle and caused the collision that seriously and permanently injured the Plaintiff.

28.     Upon information and belief, TAJINDER SINGH DESI had express and/or implied consent and permission to use the vehicle he was driving at the time of the collision.

29.     By virtue of the Owner's Liability Statute, MCL § 257.401, Defendant VFS CANADA INC. is responsible and liable for damages negligently caused by TAJINDER SINGH DESI.

30.     Defendant VFS CANADA INC., as owners of the tractor trailer involved in the subject collision, is liable to Plaintiff for the negligent acts committed by TAJINDER SINGH DESI.

31.     Defendant VFS CANADA INC. is liable to Plaintiff for injuries and damages sustained, which were negligently caused by TAJINDER SINGH DESI, pursuant to the Owner's Liability Act, MCL §257.401.

WHEREFORE, Plaintiffs respectfully request that this honorable court enter a judgment in favor of Plaintiff against Defendants, in an amount in excess of $75,000.00 exclusive of costs, fees and interest.

Respectfully submitted,

/s/ Brandon J. Abro
Robert M. Giroux (P47966)
Brandon J. Abro (P77606)
**Giroux Pappas Trial Attorneys, P.C.**
Attorneys for Plaintiff
28588 Northwestern Hwy, Suite 100
Southfield, MI 48034
(248) 531-8665

Dated: April 14, 2023              babro@greatmiattorneys.com

10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHLEY STEWART,

     Plaintiff,                       Case No.

v.                                    Hon.

TAJINDER SINGH DESI and
VFS CANADA INC.,

     Defendants.

_____/

## JURY DEMAND

Plaintiff ASHLEY STEWART, by and through her attorneys, GIROUX

PAPPAS TRIAL ATTORNEYS, P.C., hereby requests a trial by jury in this matter.

Respectfully submitted,

/s/ Brandon J. Abro
Robert M. Giroux (P47966)
Brandon J. Abro (P77606)
**Giroux Pappas Trial Attorneys, P.C.**
Attorneys for Plaintiff
28588 Northwestern Hwy, Suite 100
Southfield, MI 48034
(248) 531-8665

Dated: April 14, 2023       babro@greatmiattorneys.com